UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kathleen Pietrocola,<br><br>*Plaintiff,*<br><br>v.<br><br>Chelsea Senior Living, LLC, Chris Slavicek, Edie Empirio, Roger Bernier, Kathy Merkel, and Scott Yaeger,<br><br>*Defendants.* | Civil Action No. 2:23-cv-21705 |

**JOINT PROPOSED DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Nathaniel K. Charny, Esq.<br>CHARNY & WHEELER P.C.<br>9 West Market Street<br>Rhinebeck, New York 12572<br>Tel: (845) 876-7500<br>Fax: (845) 876-7501<br>ncharny@charnywheeler.com<br><br>Megan S. Goddard, Esq. (Pro Hac Vice)<br>GODDARD LAW PLLC<br>39 Broadway, Suite 1540<br>New York, New York 10006<br>Tel: (646) 964-1178<br>Fax: (212) 208-2914<br>Megan@goddardlawnyc.com | Mark J. Leavy Esquire<br>Justin A. Britton, Esquire<br>MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.<br>535 Route 38 East<br>Suite 501<br>Cherry Hill, NJ  08002<br>Tel: (856) 663-4300<br>Fax: (856) 663-4439<br>mleavy@moodklaw.com<br>jbritton@moodklaw.com |

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

    (a) <u>Plaintiff</u>: Plaintiff Kathleen Pietrocola ("Plaintiff") alleges she was subjected to age discrimination and retaliation by Defendants in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey

        Equal Pay Act. Plaintiff excelled in her work at Defendant Chelsea Senior Living, LLC ("Defendant Chelsea") for approximately 16 years, until Defendant Chelsea underwent a change in leadership which fostered an ageist work culture that favored younger employees. For the next six years until she was pretextually terminated for poor performance, Plaintiff, as a woman in her late fifties and early sixties, was held to a different standard in promotions than her younger colleagues. Defendants began denying promotional opportunities to Plaintiff, deliberately transferred her to an under-performing facility to establish a pretext for falsely criticizing her performance, and when she refused to be forced out because of her age, fired her.

    (b)    <u>Defendants</u>: Plaintiff, Kathleen Pietrocola, has asserted claims of unequal pay and retaliation on the basis of age and sex against her former employer, Chelsea Senior Living, LLC and several of its employees in connection with her February 15, 2022. However, this is based on own speculation and conjecture as the indisputable evidence will demonstrate that her claims have no basis in either fact or law and her termination was based entirely on lawful considerations, namely her poor job performance.

3.    Have settlement discussions taken place? Yes  X*   No  _

**\*The parties participated in voluntary, private mediation in September 2023. Plaintiff started the negotiations with an opening demand of $1.5 million, representing a more than 3x increase over the $450,000 demand issued in February 2023. Thus, the same was unsuccessful and this lawsuit followed.**

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand: $ <u>1,500,000</u>
        (2)    Non-monetary demand:

    (b)    What was defendant's last offer?

        (1)    Monetary offer: $ <u>100,000</u>
        (2)    Non-monetary offer:

4.    The parties **have not** met pursuant to Fed. R. Civ. P. 26(f):

5.    The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor. **Plaintiff served her Initial Disclosures on April 9, 2024. Defendants are finalizing their respective Initial Disclosures and anticipate exchanging the same in the coming days.**

6.    Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). **None at this time.**

7. The parties **have not** filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties **have not** conducted discovery other than the above disclosures. If so, describe.

9. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects: Liability and damages

    (b) Discovery **should not** be conducted in phases or be limited to particular issues. Explain.

    (1) Fed. R. Civ. P. 26 Disclosures _____ 4/30/2024.

    (c) Proposed schedule:

       (1) E-Discovery conference pursuant to L. Civ. R. 26.1(d) _____ 4/30/2024.

       (2) Service of initial written discovery __ 5/15/2024.

       (3) Maximum of 25 Interrogatories by each party to each other party.

       (4) Maximum of 10 depositions to be taken by each party.

       (5) Motions to amend or to add parties to be filed by __ 5/30/2024.

       (6) Factual discovery to be completed by _____ 12/15/2024.

       (7) Plaintiff's expert report due on _____*.

       (8) Defendant's expert report due on _____*.

       (9) Expert depositions to be completed by _____*.

       (10) Dispositive motions to be served within ___ 90 ___ days of completion of discovery.

**\* The parties agree that to the extent expert discovery relates only to damages, such discovery, including forensic medical/psychiatric examinations, expert reports, and expert depositions will be conducted within 90 days of the Court's ruling on any motion for summary judgment.**

      (d)      Set forth any special discovery mechanism or procedure requested.

      (e)      A pretrial conference may take place on_____4/30/2025_.

      (f)      Trial date: ( _X_ Jury Trial; _____ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc. If so, please explain. **Plaintiff proposes to conduct depositions remotely using audio-visual conference technology and the parties agree to conduct depositions of non-parties remotely using audio-visual conference technology. However, Defendants reserves the right to conduct Plaintiff's deposition in person.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No**.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. **Not at this time.**

12. Do you anticipate any discovery problem(s) not listed above? Describe. **No.**

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **Mediation after exchange of written discovery**.

14. Is this case appropriate for bifurcation? **No**

15. An interim status/settlement conference (with clients in attendance) should be held in **July 2024**.

16. We **do not** consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference. **None at this time**.


/S/ Megan S. Goddard          April 18, 2024
Attorney(s) for Plaintiff(s) / Date


/S/ Nathaniel K. Charny        April 18, 2024
Attorney(s) for Plaintiff(s) / Date


s/ Justin A. Britton           April 18, 2024
Attorney(s) for Defendant(s) / Date